UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MUHAMMAD QASEMY, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>QUALITY MIDWESTERN HOLDINGS, INC. d/b/a/ "QUALITY SERVICES MOVING"<br>**Registered Agent**:<br>Edward Graves<br>10595 Furnace Rd Ste 140<br>Lorton, VA 22079<br><br>　　　　　and<br><br>EDWARD GRAVES<br>10595 Furnace Rd Ste 140<br>Lorton, VA 22079<br><br>　　　　　Defendants. | JURY TRIAL DEMANDED<br><br>CASE NO.: |

**COLLECTIVE ACTION COMPLAINT FOR PAYMENT OF OVERTIME WAGES**

Plaintiff Muhammad Qasemy ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, files this Collective and Class Action Complaint (the "Complaint") against Defendant Quality Midwestern Holdings Inc. d/b/a "Quality Services Moving" and Defendant Edward Graves (collectively, the "Defendants") seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C §§201 *et seq*.

**INTRODUCTION**

1. This lawsuit seeks to recover unpaid wages and overtime compensation for Plaintiff and other similarly situated co-workers who work or have worked for Quality Services Moving.

2. Plaintiff alleges on behalf of himself and other current and former employees as

well as those similarly situated current and former employees holding comparable positions but different titles employed by Defendants who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) (hereinafter the "Collective" or "Collective Action Members"), that they are entitled to, (i) unpaid wages for all hours worked in a workweek , as required by law, (ii) unpaid overtime wages for hours worked above 40 in a workweek, as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b) and this Court's Federal Question Jurisdiction, 28 U.S.C. § 1331.

4. Upon information and belief, Quality Services Moving is headquartered in, and regularly conducts business in, this district.

## THE PARTIES

5. Plaintiff Muhammad Qasemy is a former employee of Defendants.

6. At all relevant time, Plaintiff Muhammad Qasemy was a citizen of Commonwealth of Virginia.

7. During all relevant times, Plaintiff was employed by Defendants, including from February 2017 to February 2018 in and around Lorton, Virginia.

8. Defendant Quality Midwestern Holdings, Inc., d/b/a/ "Quality Services Moving" is a company with its principal place of business located at 10595 Furnace Road, Lorton, Virginia 22079.

9. Defendant Edward Graves is the president of Defendant Quality Midwestern Holdings, Inc. d/b/a "Quality Services Moving."

10. Upon information and belief, Defendant Edward Graves is an owner and principal person who exerts control over Defendant Quality Midwestern Holdings Inc. d/b/a "Quality Services Moving" and is a resident of Prince William County.

11. At all times relevant, the Defendants were Plaintiff's "employer" for purposes of the FLSA.

12. At all times relevant herein, Defendants were employers within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

13. Defendants employed Plaintiff and the Collective Action Members.

14. Defendants maintain control, oversight, and discretion over the operations of worksites, including employment practices with respect to Plaintiff and the Collective Action Members.

15. Plaintiff worked as a "Mover," a position that entailed driving Sprinter vans to sites to ship and deliver items for clients, which included loading and unloading trucks, preparing the trucks for shipments, and driving to and from the delivery sites.

16. During all relevant times, Plaintiff and Collective Action Members drove and/or loaded and/or served as drivers' helpers for vehicles weighing less than 10,000lbs., such as a Sprinter van, which had a Gross Vehicle Weight Rating ("GVWR") of 8,550 lbs.

17. Plaintiff and the Collective Action Members would regularly perform work for which Defendants did not pay them wages.

18. Specifically, if Plaintiff and the Collective Action Members were still working at a job site, they would not be paid for driving back from the job site to the office. Thus, even though Plaintiff and the Collective Action Members would have to complete the job and drive back to

headquarters and return their vans, Plaintiff and the Collective Action Members would not receive wages for driving back from the job site to the office.

19. Plaintiff and the Collective Action Members were required to show up to work at 7:00 am. However, upon arrival, Plaintiff and Collective Action Members would have to wait for the administrators to arrive and assign them jobs. Plaintiff and the Collective Action Members were not paid for this time even though they were required to be there. In addition, Plaintiff and Collective Action Members were not paid to prep their vans, and only received a set amount of pay for driving within certain distances. Plaintiff and the Collective Action Members were not paid for the actual amount of time they spent driving if the time exceeded the amount of pay set by the company for the particular distance driven.

20. For example, during the pay period between September 16, 2017 to September 29, 2017, Plaintiff received exactly $0 in overtime compensation even though he worked well over 40 hours per work week.

21. By way of further example, during the pay period between September 30, 2017 and October 13, 2017, Plaintiff received exactly $0 in overtime compensation even though he worked well over 40 hours per work week.

22. By way of further example, during the pay period between October 14, 2017 and October 27, 2017, Plaintiff received exactly $0 in overtime compensation even though he worked well over 40 hours per work week.

23. During each of the of foregoing example pay periods and throughout his employment with Defendants, Plaintiff was *required* to show up before his shift and wait for the administrators to assign tasks to him. Plaintiff was not paid for this time even though he was required to show up at Defendants' headquarters. Defendants also did not pay Plaintiff for any

time he spent driving back from the job site to the office. Thus, the hours worked on Defendants' pay records are not accurate because Plaintiff worked off the clock.

24. Consistent with Defendants' policy, pattern, and/or practice, Plaintiff and the Collective Action Members regularly worked in excess of 40 hours per workweek without being paid overtime wages and regularly worked off of the clock in violation of the FLSA.

25. All of the overtime compensation and off the clock compensation due to Plaintiff and the Collective Action Members remained unpaid for thirty days beyond the regularly scheduled payday.

26. Plaintiff and the Collective Action Members' work as Movers was integrated into and performed in the normal course of Defendants' business.

27. Consistent with Defendants' policy, pattern, and/or practice, Plaintiff and the Collective Action Members regularly worked in excess of 40 hours per workweek without being paid wages for all hours worked and without being paid overtime wages, in violation of the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the Collective Action Members as defined above.

29. Plaintiff desires to pursue his FLSA claim on behalf of any individuals who opt in to this action pursuant to 29 U.S.C. § 216(b).

30. Plaintiff and the Collective Action Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendants' above described common business policies and practices and, as a result of such policies and practices, were not paid the full and legally mandated wages for all hour worked in a

workweek or the legally mandated overtime premium for hours worked over 40 during a workweek.

31. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping, and payroll practices.

32. Specifically, Defendants failed to pay Plaintiff and the Collective Action Members the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of the FLSA and the regulations promulgated thereunder, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. § 778.104, because Defendants failed to pay Plaintiff and the Collective Action Members at a rate of 1.5 times its regular hourly rate for hours worked in excess of 40 hours per week.

33. These similarly situated individuals are known to Defendants, are readily identifiable, and can be located through Defendants' payroll record which Defendants were required to maintain pursuant to the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 215.2, *et seq*.

34. Conditional certification of this case as a collective matter pursuant to U.S.C. § 216(b) is proper and necessary so that these employees may be readily notified of this action through direct U.S. mail and/or other means including email and allowed to opt in for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

35. There are many similarly situated current and former Movers who have not been paid for all wages worked and have not been paid proper overtime wages in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective pursuant to 29 U.S.C. § 216(b).

## FIRST CAUSE OF ACTION
## <u>FAIR LABOR STANDARDS ACT</u>

36. Plaintiff, on behalf of himself and all Collective Action Members, realleges and incorporates by reference the receding paragraphs.

37. At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

38. At all relevant times, Defendants employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

39. At all relevant times, Defendants had a policy and practice of willfully refusing to pay its Movers, including Plaintiff and all Collective Action Members, for all hours worked.

40. At all relevant times, Defendants had a policy and practice of willfully refusing to pay its Movers, including Plaintiff and all Collective Action Members, the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

41. As a result of Defendants' willful failure to compensate Plaintiff and the Collective Action members at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104.

42. Defendants' conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

43. Due to Defendants' FLSA violations, Plaintiff and the Collective Action Members are entitled to recover all unpaid wages, including unpaid wages for the legally required amount of overtime compensation for all hours worked by them in excess of 40 in a workweek, actual and liquidated damages, including the employer's share of FCA, FUTA, state employment insurance,

and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## DEMAND FOR TRIAL BY JURY

44.    The Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Collective Action Members are entitled to and pray for the following relief:

a. Designation of this action as an FLSA collective action on behalf of Plaintiff and the Collective Action Class and prompt issuance of pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Action Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling the statute of limitations;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An injunction requiring Defendants to cease its unlawful practices under, and comply with the FLSA;

d. An award of unpaid wages for all hours worked and for all unpaid overtime wages for hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay under the FLSA.

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay for all hours worked and all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216;

  f. An award of damages representing the employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes.

  g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiff; and

  h. Such other further relief as this Court deems just and proper.

                Respectfully Submitted,

                Plaintiff
                By Counsel

/s/
Matthew T. Sutter, Esq., VSB No. 66741
Sutter & Terpak, PLLC
7540 Little River Tnpk.
Suite A, First Floor
Annandale, VA 22003
Tel: (703) 256-1800
Fax: (703) 991-6116
Email: matt@sutterandterpak.com

Nicholas A. Migliaccio, Esq.*
Jason S. Rathod, Esq.*
Migliaccio & Rathod LLP
412 H Street N.E., Suite 302
Washington, D.C. 20002
Tel: (202) 470-3520
Fax: (202) 800-2730
* *Pro hac vice* admission to be sought