IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MUHAMMAD QASEMY, ON BEHALF OF
HIMSELF AND ALL OTHERS SIMILARLY
SITUATED,

  Plaintiff,

v.                                                     Case No. 1:19-cv-00809

QUALITY MIDWESTERN HOLDINGS,
INC., D/B/A "QUALITY SERVICES
MOVING" AND EDWARD GRAVES,

  Defendants.

**QUALITY SERVICES MOVING'S OPPOSITION TO**
**MOTION FOR CONDITIONAL CERTIFICATION**

## I.    INTRODUCTION

Plaintiff Muhammad Qasemy ("Qasemy") has filed a purported Collective Action Complaint for Payment of Overtime Wages against Quality Midwestern Holdings, Inc. d/b/a Quality Services Moving ("Quality Services").[1] While Qasemy alleges that Quality Services violated the Fair Labor Standards Act ("FLSA"), he is exempt from overtime pay requirements pursuant to Section 13(b)(1) of the FLSA. Moreover, as set out below, Qasemy has not made a showing that conditional certification should be granted, that there should be a 90 day notice period or that equitable tolling of the statute of limitations is appropriate.

## II.    BACKGROUND

Quality Services is a moving company. (ECF Doc. 1 ¶ 8.) Qasemy alleges that he was employed as a Mover with Quality Services from February 2017 to February 2018. (*Id.* at ¶¶ 7,

---

[1] Qasemy has named Edward Graves as a defendant in this litigation, but has not served the Complaint on Mr. Graves.

15.) Qasemy alleges his position as a Mover required "driving Sprinter vans to sites to ship and deliver items for clients, which included loading and unloading trucks, preparing the trucks for shipments, and driving to and from the delivery sites." (*Id.* at ¶ 15.) Qasemy alleges that he and other employees "would regularly perform work for which Defendants did not pay them wages." (*Id.* at ¶ 17.) This included not being paid for driving back to the office from a job site, and being required to arrive for work at 7:00 a.m. and wait for job assignments. (*Id.* at ¶¶ 18–19.) Specifically, Qasemy alleges three pay periods in which he worked more than 40 hours per week and was not paid overtime compensation.

Quality Services disputes these allegations, and avers that the evidence will show that Qasemy is exempt from overtime under Section 13(b)(1) of the FLSA and the Motor Carrier Act. Nevertheless, based on the allegations in the Complaint, Qasemy is seeking to maintain a collective action against Quality Services on behalf of himself and other similarly situated individuals for alleged violations of the FLSA.

In the motion, Counsel for Qasemy references a previous FLSA suit filed by Theresa Buszta. (ECF Doc. 11, p. 2). That matter was resolved and dismissed by order of this Court on March 12, 2019. (Exhibit 1). In the *Buszta* matter, on December 14, 2018, Qasemy's counsel was provided with a list of forty-five potential opt-in "Movers" that included the employees' name, date of hire, date of separation and last known address. (See Exhibit 2, page 3). To date – eleven months later - only one additional person other than Qasemy has opted to join this lawsuit. The Court should deny Qasemy's motion for conditional certification.

### III.  ARGUMENT

#### A. Legal Standard.

"As a general rule, FLSA class certification under Section 216(b) requires (1) that the plaintiffs are 'similarly situated,' and (2) that the plaintiffs included in the class 'opt-in' by filing with the court consents to join the suit." *Houston v. URS Corp.*, 591 F. Supp. 2d 827, 831 (E.D. Va. 2008) (quoting *Choimbol v. Fairfield Resorts, Inc.,* 475 F. Supp. 2d 557, 562 (E.D. Va. 2006)). Neither Section 216(b) nor the Fourth Circuit have defined the term *similarly situated* for purposes of FLSA actions. *Id.* Further, "[b]ecause the statute of limitations continues to run on unnamed class members' claims until they opt into the collective action, *see* 29 U.S.C. § 256(b), courts have concluded that the objectives to be served through a collective action justify the conditional certification of a class of putative plaintiffs early in a proceeding, typically before any significant discovery, upon an initial showing that the members of the class are similarly situated." *Id.* (citations omitted).

Courts follow a "two-step approach to certify FLSA collective actions." *Id.* (citations omitted). In the first step, "the court determines whether there is sufficient evidence to reasonably determine that the proposed class members are similarly situated enough to conditionally certify the collective action and provide potential class members with initial notice of the action and the opportunity to opt-in." *Id.* (citations and internal quotation marks omitted). Courts typically address "the second step if the defendant files a motion for decertification, which usually occurs after discovery is virtually complete." *Id.* at 832 (citation omitted). In addressing the second step, "courts apply a heightened, fact-specific standard to the 'similarly situated' analysis." *Id.* (citation omitted). If the plaintiffs fail to meet this heightened standard,

"the collective action is decertified and the original plaintiffs pursue their individual claims." *Id.* (citation omitted).

### B. Conditional certification is not required under the circumstances.

The "sole consequence of conditional certification is the sending of court-approved written notice to employees." *Cramer v. Arkesia, Inc.*, 311 F. Supp. 3d 773, 775 (E.D. Va. 2018). Yet, Qasemy has offered no basis for why the Court should be involved in the notice process. "[T]he plaintiff bears the burden of showing that the Court's intervention in the notice process is appropriate." *Hanley v. Hand "N Heart, L.L.C.*, E.D. Va. No. CIV 4:06CV143, 2007 WL 2572193, at *4 (E.D. Va. Aug. 31, 2007) (citing *D'Anna v. M/A-Com, Inc.*, 903 F. Supp. 889, 894 (D. Md. 1995); *Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D. 516, 519 (2000)); *Houston*, 591 F.Supp.2d at 832. While the Court has the discretion to facilitate notice, this discretion "is not unfettered; the court must assess whether this is an appropriate case in which to exercise [its] discretion." *Houston*, 591 F.Supp.2d at 832.

Here, Qasemy's counsel has had a list of potential opt-in plaintiffs, with last known addresses, since December of 2018.[2] Qasemy filed his Complaint six months later, in June of 2019. And to date, only one potential plaintiff, Elijah Enriquez, filed a consent to join this lawsuit. Qasemy has not shown why this matter should be certified to provide potential class members with initial notice of the action, where there has already been eleven months to notify

---

[2] Quality Services does not concede that the FLSA has been violated, that the alleged opt-in plaintiffs are similarly situated or any of the issues raised in the motion for conditional certification. *Houston*, 591 F. Supp. 2d at 831–32. Most of the issues, such as the Motor Carrier Exemption, are not before the Court at this stage. Indeed, "[a]t this stage in the proceedings, this Court is not in a position to determine the applicability of [the Motor Carrier Safety] exemption, nor is it necessary to do so prior to conditionally certifying a class." *Houston*, 591 F. Supp. 2d at 834. This is particularly true where Qasemy has simply filed a Complaint that is virtually identical to the Amended Complaint filed by Buszta in the previous action. (Exhibit 3). Accordingly, Quality Services reserves the right to move for decertification.

those individuals of the opportunity to join in a lawsuit against Quality Services. Indeed, these individuals can join this lawsuit as a party by simply filing a consent to join in this Court. "Certification of a collective action is merely a "case management" tool for district courts to employ in appropriate cases. Consequently, "certification is neither necessary nor sufficient for the existence of a representative action under FLSA." *Cramer*, 311 F. Supp. at 776. Here, certification is not necessary, and counsel has had ample opportunity to provide the potential members with notice of this lawsuit.

The fact that no one, other than Enriquez, has elected to join the lawsuit against Quality Services within the last eleven months suggests that none of the potential opt-in plaintiffs would opt in even if they were given notice by the Court. Qasemy simply has not given an adequate basis to support a 90-day opt-in notice period, nor explained how it would cause the potential opt-in plaintiffs, who have so far not opted in, to opt-in now.[3]

## C. **Qasemy has not met the heavy burden to establish that equitable tolling applies.**

The statute of limitations in an FLSA case continues to run on a potential plaintiff's claim until that potential plaintiff opts-in. *Houston*, 591 F. Supp. 2d at 831, (E.D. Va. 2008) (citing 29 U.S. C. §256(b)). Courts should use equitable tolling "sparingly." *Gayle v. United Parcel Serv., Inc.*, 401 F.3d 222, 226 (4th Cir. 2005) (citation and internal quotation marks omitted). Indeed, it is a rare and "extraordinary remedy." *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-CV-00363, 2012 WL 4739534, at *2 (E.D. Va. Oct. 2, 2012).

In the Fourth Circuit, equitable tolling may be permitted in three scenarios:

---

[3] Qasemy also is requesting a list of current and former "Movers or Packers" who worked with Quality Services. This request is not warranted and overbroad as Qasemy alleged he worked as a "Mover" and not a "Packer." ECF Doc. 1 ¶ 15.

5

(1) When a plaintiff "has actively pursued his judicial remedies by filing a defective pleading during the limitations period." *Id.* (citation omitted).

(2) When a plaintiff "has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* (citation omitted).

(3) When "extraordinary circumstances beyond plaintiff's control made it impossible to file the claims on time." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (citation and internal quotation marks omitted).

See *LaFleur*, No. 2:12-CV-00363, 2012 WL 4739534, at *2.

The potential opt-in plaintiffs do not satisfy any of these scenarios, nor does Qasemy suggest that they do. Instead, Qasemy complains of problems with service of process. Qasemy's suggestion that the Court should toll the statute of limitations, because Mr. Graves has allegedly attempted to evade service is without merit. The statute of limitations is not tied to service of process on a defendant. Moreover, by making this argument, Qasemy ignores that virtually the same lawsuit was filed against Quality Services by Buszta in May of 2018 – a year and a half ago. No one opted to join the *Buszta* litigation.

Qasemy also ignores that his counsel had a list of potential opt-in "Movers" for six months before he filed his lawsuit in June of 2019. Yet, to date, only one other individual has opted to join this suit. Nothing is preventing potential opt-in plaintiffs from opting in or from being joined as plaintiffs, and there being no impediment to doing so. *See Cramer v. Arkesia, Inc.* 311 F. Supp. 3d 773 (E.D. Va. 2018).

Qasemy's speculation is not a sufficient reason to toll the statute of limitations. The potential opt-in plaintiffs have the right to consent to opt in or be joined now and there is no grounds for tolling the statute of limitations while they wait to do so. See e.g., *LaFleur*, No. 2:12-CV-00363, 2012 WL 4739534, at *6-7 (E.D. Va. Oct. 2, 2012) (denying motion to equitably toll the statute of limitations and recognizing that Congress's contemplated that the

statute of limitations would continue to run until the filing of an opt-in consent and it chose not to provide for a tolling of limitations period).

## IV. CONCLUSION

For the foregoing reasons, Quality Services, by counsel, respectfully requests that this Court deny Qasemy's Motion for Conditional Certification.

**QUALITY MIDWESTERN HOLDINGS, INC., D/B/A "QUALITY SERVICES MOVING"**

By Counsel

/s/
Jeremy D. Capps (VSB No. 43909)
Counsel for Quality Midwestern Holdings, Inc.,
d/b/a "Quality Services Moving"
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
jcapps@hccw.com

# **C E R T I F I C A T E**

  I hereby certify that on the 12th day of November, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Nicholas A Migliaccio, Esq.
    Jason S. Rathod, Esq.
    Migliaccio & Rathod LLP
    412 H Street N.E., Suite 302
    Washington, DC 20002
    202-470-3520 - Phone
    201-800-2730 - Fax
    nmigliaccio@classlawdc.com
    jrathod@classlawdc.com

    Matthew T. Sutter, Esq.
    Sutter & Terpak, PLLC
    7540A Little River Turnpike
    First Floor
    Annandale, VA 22003
    703-256-1800 - Phone
    703-991-6116 - Fax
    matt@sutterandterpak.com

              /s/
              Jeremy D. Capps (VSB No. 43909)
              Counsel for Quality Midwestern Holdings, Inc.,
              d/b/a "Quality Services Moving" Harman, Claytor,
              Corrigan & Wellman
              P.O. Box 70280
              Richmond, Virginia 23255
              804-747-5200 - Phone
              804-747-6085 - Fax
              jcapps@hccw.com